UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:17-cv-01578-JDW-MAP
(Class Representation)

RICHARD COLON, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.

SE INDEPENDENT DELIVERY
SERVICES INC., a Florida Corporation,

      Defendant.

_____/

**MOTION TO EXTEND DISCOVERY TO CONDUCT DEPOSITIONS OF
SHAWN JONES, JILL HENDRICKSON, CHERYL ARBOUR,
TEKEYSHIA DURANT, AND TAMMY LOGUE**

COMES NOW, Plaintiff RICHARD COLON ("COLON"), by and through his undersigned

attorneys, pursuant to Rule 6(b), Fed.R.Civ.P., hereby files his motion to extend discovery for the

limited purpose of conducting the depositions of Shawn Jones, Jill Hendrickson, Cheryl Arbour,

Tekeyshia Durant and Tammy Logue, and provides as follows:

1.     This is a class action case brought by COLON on behalf of himself and the putative class of

independent contractor drivers ("ICD"). The Plaintiff's Motion for Class Certification was filed on

March 30, 2018. (Doc #46). The Defendant responded in opposition to the Motion for Class

Certification on May 23, 2018. (Doc. #67). The Court has not yet ruled on the Plaintiff's Motion for

Class Certification.

2.     Pursuant to the Court's Case Management and Scheduling Order (Doc. #24), the discovery

deadline was July 12, 2018. July 12, 2018 was also the day that the parties held mediation.

3.      Prior to this deadline, Plaintiff attempted to coordinate the depositions of Shawn Jones, Jill Hendrickson, Cheryl Arbour, Tekeyshia Durant and Tammy Logue, beginning on June 6, 2018. (See email correspondence attached hereto as **Exhibit "A"**).

4.      The Plaintiff did not know the identity of the persons until approximately May 23, 2018, based upon responses to Plaintiff's Fourth Request to Produce.  Plaintiff's Fourth Request to Produce was served on Defendant on March 14, 2018.  On April 25, 2018, Defendant filed its Response and Objections wherein Defendant objected to all the requests and stating it would conduct a search and provide any documents discovered by May 29, 2018; giving themselves a unilateral 30 day extension to respond to the discovery.  A copy of this Response is attached hereto as **Exhibit "B"**.  The parties exchanged multiple emails and Plaintiff attempted to narrow the request for Defendant.  Finally, on May 23, 2018, Defendant provided 90 pages of documents.  The individuals Plaintiff wants to depose were first identified in this production on May 23, 2018.  Plaintiff was not aware of the identities of these individuals until this time and, as such, could not have requested to depose them previously.

5.      On June 11, 2018, counsel for Defendant responded to the June 6, 2018 email stating that the Defendant "does not agree to your request to depose five current or former employees before July 12.  We do not believe the parties should invest further resources into this case – at least a day of depositions, plus travel and preparation time – while plaintiff's motion for class certification is pending."  This email was sent at 6:41 pm by defense counsel.

6.      At 9:14 am, the following day, June 12, 2018, the undersigned responded to this email explaining why the Plaintiff wanted to depose these persons, stating that their names appear on the

documents produced by Defendant in response to the Fourth Request to Produce and that the depositions are relevant to the billing process about how the ICDs were paid by the Defendant. The undersigned explained that the depositions would probably not last longer than 45 minutes to 1 hour each, and again asked the Defendant to provide us with availability to depose these individuals. (See **Exhibit "C"**). This request was made more than one month before the discovery cut off.

7.     The Defendant did not respond to this second request to coordinate the depositions, despite multiple requests for dates to depose these persons.

8.     On July 12, 2018, the parties attended mediation in this case, resulting in an impasse. The mediation was the same day as the discovery cut off deadline.

9.     The day after the mediation, July 13, 2018, at 10:31 am, the undersigned sent another email to defense counsel asking them to coordinate the scheduling of depositions that were previously requested on June 6, 2018. (See Exhibit "A").

10.     Emails were exchanged back and forth between counsel ultimately resulting with the Defendant stating that, "We do not agree to these depositions outside of the discovery period". This statement is despite the fact that the Plaintiff attempted to schedule these depositions over a month before the discovery deadline.

11.     The Plaintiff wishes to extend the discovery deadline for the limited purpose of conducting the depositions of Shawn Jones, Jill Hendrickson, Cheryl Arbour, Tekeyshia Durant and Tammy Logue.

## MEMORANDUM IN SUPPORT OF MOTION

12.     Rule 6, Fed.R.Civ.P., permits the Court discretion to enlarge periods of time set forth under other rules. Rule 6 provides:

3

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

13.     "The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of a party seeking to show excusable neglect; and (4) whether that party acted in good faith". *Coleman v. Blue Cross Blue Shield of Kansas*, 487 F.Supp.2d 1225, 1234-35 (D.Kan. 2007).

14.     Each of these factors weigh in the favor of granting the Plaintiff's request to extend the discovery for the limited purpose of taking the depositions of these five individuals.

15.     The Plaintiff received responses to is Fourth Request to Produce from the Defendant on May 23, 2018. The Plaintiff then undertook its duty to review said response and made a determination based on that review that additional discovery would be required in the form of deposing individuals whose names were listed within the records of the Defendant produced in its Response to Fourth Request to Produce. The Plaintiff then took immediate steps to try and coordinate the depositions of these individuals, pursuant to the June 6, 2018 email attached hereto as Ex. "A". Failure to allow these depositions to go forward would deeply prejudice the Plaintiff as the Plaintiff has not been able to depose any persons from the Defendant about the documents produced in response to the Fourth Request to Produce. The Plaintiff previously took the depositions of two corporate representatives and a former employee of the Defendant, however, these depositions were taken prior to the production of the documents in response to the Fourth Request to Produce and therefore did not have

4

an opportunity to question those witnesses about this response.

16.      Second, the length of the delay and its potential impact on the judicial proceedings is minimal as this Motion is being filed shortly after the discovery cut off.  Furthermore, the Court has not ruled on Plaintiff's Motion for Class Certification which, if granted, would require the parties to engage in class discovery, which would necessarily have an impact on the current deadlines set in this case.

17.      Third, the reason for the delay in setting these depositions was caused by the Defendant.  The Defendant's counsel's email on June 11, 2018 states on the one had that they do not agree to the request to depose five current or former employees before July 12, which was both the mediation date and the discovery cut off deadline, but on the other hand, the defense counsel appeared to leave the door open to the scheduling of these depositions writing at the end of the email, "It also is unclear how you believe these depositions could have any effect on mediation.  Could you tell me what you are trying to establish?".  Plaintiff's counsel then provided an explanation on why these depositions were relevant and again asked for the availability to depose these persons pursuant to the June 12, 2018 email.  The undersigned believed that he provided an adequate response to defense counsel's June 11, 2018 email describing why the deposition needed to move forward, and asked again for the deposition dates.  Having received no response to the June 12, 2018 email from defense counsel, the undersigned was under the impression that these depositions were being coordinated.

18.      Finally, the Plaintiff's counsel acted in good faith in trying to set these depositions.  The emails attached hereto show that Plaintiff's counsel was attempting to coordinate these depositions and immediately took steps to schedule the depositions following mediation after it was discovered that the Defendant did not provide any dates for these depositions to Plaintiff's counsel. (See July 13, 2018 email; Ex. "A").

19.     Rule 16(b), Fed.R.Civ.P., states that a scheduling order may only be modified for good cause shown and with the judge's consent.  The undersigned believes that the Plaintiff has shown good cause why the scheduling order's discovery deadline should be extended to allow these depositions to move forward as the Plaintiff's counsel attempted in good faith to coordinate these depositions prior to the discovery cut off deadline.

WHEREFORE, Plaintiff respectfully requests the extension of the discovery deadline for the limited purpose of conducing the depositions of Shawn Jones, Jill Hendrickson, Cheryl Arbour, Tekeyshia Durant and Tammy Logue, or any remedy that this Court deems just proper.


## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that pursuant to Local Rule 3.01(g), the undersigned has personally conferred with opposing counsel on this matter in a good faith effort to resolve the issues raised herein and counsel were unable to agree on a resolution of this motion.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the CM/ECF system, which will send a notice of electronic filing to JAMIE ZYSK ISANI, ESQ/ COREY LEE, ESQ., 1111 Brickell Ave. #2500, Miami, FL 33131, jisani@HuntonAK.com;

leec@HuntonAK.com; FRANK M. LOWREY, ESQ./CHAD K. LENNON, ESQ. 3900 One Atlantic

Center 1201 W. Peachtree St NW, Atlanta, GA 30309, lowrey@bmelaw.com; lennon@bmelaw.com;

this 30th day of July, 2018.

 

 

**CHRISTOPHER R. TURNER, PLLC**
1305 E. Robinson St.
Orlando, FL 32801
Telephone: 407-796-2278
Facsimile:  407-630-8737

By: _____

  Florida Bar Number 47150
Designated Service Address:
  eservice@crtlegal.com

 

 

_____

WILLIAM G. OSBORNE, ESQUIRE
Florida Bar No. 273783
**WILLIAM G. OSBORNE, P.A.**
1305 E. Robinson St.
Orlando, Florida 32801
(407) 894-1534
(407) 894-1535 (Facsimile)
*Service address: Service@osborneattorneys.com*
Co-Counsel for Plaintiff

7

From: **Isani, Jamie Zysk** jisani@hunton.com &#128206;
Subject: RE: Colon/SEIDS - depositions
Date: July 25, 2018 at 5:20 PM
To: Christopher Turner chris@crtlegal.com
Cc: lowrey@bmelaw.com, **Chad K. Lennon (Lennon@bmelaw.com)** Lennon@bmelaw.com, **Lee, Corey** leec@hunton.com,
Elizabeth Dunnigan (elizabeth@crtlegal.com) elizabeth@crtlegal.com, **Bill Osborne** bill@osborneattorneys.com



Chris,

Your email mischaracterizes the facts. On June 6, you asked for five depositions before the
July 12 mediation. On June 11, we responded, explaining that these depositions were
unnecessary and that the parties should not expend additional resources on discovery while
the motion for class certification was pending. We also asked why these depositions would
be useful for mediation. On June 12, you responded, but did not address our concerns about
unnecessary expenditures or explain why these depositions were necessary before the
mediation.

By your own admission, you knew on June 11, that we objected to these depositions. Yet
you failed to seek intervention before the discovery cutoff. After your June 12 email, one
month went by without a word. You did not follow up, or ever explain why these
depositions were necessary before mediation, or justify requiring SEIDS to expend
additional resources on discovery during the pendency of the class motion. During that
month-long period, discovery closed. If you wanted to take these depositions, you had a
month to explain why these depositions were necessary, to re-engage regarding scheduling,
to notice the depositions, or to seek relief from the court. But instead you did nothing.

We do not agree to these depositions outside the discovery period. And should we be forced
to spend yet more time and money defending a motion to compel, we intend to seek our
reasonable expenses, including attorney's fees, under Rule 37(a)(5)(B).

Regards,
Jamie

EXHIBIT

tabbies "A"

**From:** Christopher Turner [mailto:chris@crtlegal.com]
**Sent:** Tuesday, July 24, 2018 2:29 PM
**To:** Isani, Jamie Zysk
**Cc:** lowrey@bmelaw.com; Chad K. Lennon (Lennon@bmelaw.com); Lee, Corey; Elizabeth Dunnigan
(elizabeth@crtlegal.com); Bill Osborne
**Subject:** Re: Colon/SEIDS - depositions

Jamie,

We asked to take these deposition on June 6, well before the discovery cut off.

You all refused this request per your June 11 email stating that it is unclear how these
depositions would impact the mediation and that you did not see the need to spend any
additional money before the Court rules on the Motion for Class Certification.

I responded on June 12 explaining that we wanted to take their depositions based on the fact
that their names appear on the documents produced in response to our the 4th Request to

Produce. In that email we again asked for dates and availability to depose these witnesses.

You did not respond to this second request for deposition dates.

Per the Discovery Handbook that you reference below "Discovery in this district should be practiced with a spirit of cooperation and civility." I.A.1.

We undertook our obligation to schedule these depositions to accommodate the schedules of your office and the deponents as required by I.A.3. "An attorney shall reasonably attempt to accommodate the schedules of opposing counsel, parties, and witlessness in scheduling discovery."

These depositions could have been completed well before the discovery cut off deadline but for your office's refusal to coordinate the depositions.

We were acting in good faith to coordinate these depositions with all attorneys and the witnesses rather than scheduling them unilaterally to only later get an objection to the date and have to reschedule the depositions. The depositions could have been completed in one day as I said in my June 12 email that I did not expect the depositions to last more than 45 minutes each and probably less.

Please us know by close of business tomorrow whether you will coordinate the depositions of these witnesses. If not we will have no choice but to file a motion to compel their attendance at a deposition.

Sincerely,

Christopher R. Turner, Esq.



CRT LEGAL
— Law Office of —
Christopher R. Turner

1305 E. Robinson St.
Orlando, Fl 32801

P: (407) 796-2278
F: (407) 630-8737
www.crtlegal.com

On Jul 23, 2018, at 6:28 PM, Isani, Jamie Zysk <jisani@hunton.com> wrote:

Chris,

As you undoubtedly are aware, discovery closed in this matter on July 12.  Your attempt to conduct five depositions after the discovery cutoff is entirely inappropriate.  The Local Rules prohibit, and we did not agree to, out-of-time discovery.  As we've previously advised you, these depositions are unnecessary and would impose an unwarranted burden on SEIDS.  Of course, you did not bring this dispute to the Court before the discovery cutoff.

The Middle District of Florida Discovery Handbook makes clear that the discovery completion date means that "*all discovery must be completed by that date*."  Middle District Discovery (2015) at § I.F.1 (emphasis in rule).  It further states that parties "should not expect the Court to resolve discovery disputes arising after the discovery completion date." *Id.*

Further, this discovery demand is part of your pattern of asserting claims without any factual basis and then belatedly seeking burdensome discovery in the hopes of finding something that will support the erroneous allegations you and Mr. Colon insist on making.  To the extent you pursue this unwarranted discovery, we intend to seek from Mr. Colon and his counsel recovery of any attorneys' fees and costs that SEIDS is forced to incur.

Regards,
Jamie

---

**From:** Christopher Turner [mailto:chris@crtlegal.com]
**Sent:** Friday, July 13, 2018 10:31 AM
**To:** Isani, Jamie Zysk
**Cc:** lowrey@bmelaw.com; Chad K. Lennon (Lennon@bmelaw.com); Lee, Corey; Elizabeth Dunnigan (elizabeth@crtlegal.com); Bill Osborne
**Subject:** Re: Colon/SEIDS - depositions

Jamie,

As I'm sure you are aware the case did not settle at mediation yesterday.

As such, we need to take the depositions of the people we listed below.

Elizabeth from my office is out today but she will be in touch with your office to coordinate the scheduling of those depositions.

Sincerely,

Christopher R. Turner, Esq.

1305 E. Robinson St.
Orlando, Fl 32801

P: (407) 796-2278
F: (407) 630-8737
www.crtlegal.com

On Jun 11, 2018, at 6:41 PM, Isani, Jamie Zysk <jisani@hunton.com> wrote:

Chris,
SEIDS does not agree to your request to depose five current or former SEIDS employees before July 12. We do not believe the parties should invest further resources into this case – at least a day of depositions, plus travel and preparation time – while plaintiff's motion for class certification is pending.

SEIDS has already been forced to incur an inordinate burden and expense in defending this meritless case, particularly given that SEIDS' offer of judgment exceeds the amount Colon could possibly recover under his own theory of the case.  At present, SEIDS intends to seek these fees under the proposal for settlement, the contractual fee-shifting provision, and any other available avenue.
This case is not suitable for class treatment, for the reasons set forth in SEIDS' opposition to plaintiffs' class motion, and nothing that you could learn from any of these witnesses could possibly change that. And, in any event, the motion for class certification is already fully briefed.

It also is unclear how you believe these depositions could have any effect on mediation. Could you tell me what you are trying to establish?

Regards,
Jamie

**From:** Elizabeth Dunnigan [mailto:elizabeth@crtlegal.com]
**Sent:** Wednesday, June 06, 2018 10:49 AM
**To:** Isani, Jamie Zysk; Lee, Corey; Frank M. Lowrey; Chad K. Lennon
**Subject:** Colon/SEIDS - depositions

Good Morning -

We would like to depose the following people before the mediation on 7/12/18.
These will be very short depos and Chris says we can get them all done in one day...we can use the Lakeland location, as with the other ones.

If any of these folks are no longer with SEIDS, please let me know.   Thanks.


Shannon Jones - I'm not sure if the name is "Shannon" - there is a "Shann" Jones on produced documents
Jill Hendrickson
Cheryl Arbour
Tekeyshia Durant
Tammy Logue

**Elizabeth I. Dunnigan**
**Assistant to Mr. Turner**
Law Office of Christopher R. Turner, PLLC
1305 E. Robinson St.
Orlando, Fl 32801

P: (407) 796-2278
F: (407) 630-8737

This message contains confidential information and is intended only for the individual or entity named. If you are not the named addressee in this e-mail, you are hereby notified that any review, dissemination, distribution, copying, forwarding of this e-mail is prohibited. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If verification is required please request a hard-copy version.
Warning: Although the company has taken reasonable precautions to ensure no viruses are present in this email, the company cannot accept responsibility for any loss or damage arising from the use of this email or attachments.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:17-cv-01578-JDW-MAP
(Class Representation)

RICHARD COLON, on behalf of
himself and all others similarly situated.

     Plaintiff,

vs.

SE INDEPENDENT DELIVERY
SERVICES INC., a Florida Corporation.

     Defendant.

_____/

## DEFENDANT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFF'S FOURTH REQUEST TO PRODUCE

     Pursuant to Federal Rule of Civil Procedure 34, Defendant SE Independent Delivery

Services, Inc. ("SEIDS") provides the following responses and objections to Plaintiff's Fourth

Request to Produce:

## Preliminary Statement

     SEIDS' responses and objections are based on the information currently available and

known to it. These responses and objections are based on current discovery and investigation in

the litigation. Further discovery, investigation, and legal analysis may supply additional facts,

give new meaning to known facts, or generate new factual conclusions and legal contentions.

Because discovery is continuing and SEIDS has not completed preparation for trial, SEIDS

reserves its right to modify, supplement, clarify, or further explain its responses and objections.

     SEIDS has attempted to interpret each request in a reasonable fashion in a good faith

effort to discern what is being asked for. SEIDS has not used hypertechnical or overly expansive



interpretations. If Plaintiff's interpretations differ, SEIDS reserves the right to supplement its objections or responses.

These responses and objections are not concessions of the relevance, materiality, or admissibility of any information. SEIDS preserves all objections and reserves its right to object to further discovery.

SEIDS will make a good-faith effort to produce responsive documents by May 29, 2018.

### General Objections

1.      SEIDS objects to the requests to the extent they purport to impose greater burdens than required by the Federal Rules of Civil Procedure or the Local Rules. SEIDS will respond to Plaintiff's requests as required by those rules.

2.      SEIDS objects to the requests to the extent they seek information protected by attorney-client privilege, work product immunity, or any other applicable privilege or protection. Inadvertent disclosure of any such information shall not constitute a waiver of any privilege, protection, or immunity.

3.      SEIDS objects to the requests to the extent they seek the production of confidential information impinging on the privacy interests of SEIDS' personnel, independent contractors, business partners, or customers. SEIDS will not produce documents containing such information.

### Objections to Definitions

1.      SEIDS objects to the definitions of the terms "Defendant" and "Defendants" to the extent they include "agents," "attorneys," "expert witnesses," "accountants," "auditors," and "all other persons over whom the [Defendant] ha[s] control or authority or who have been hired or retained or employed for any purpose by the Defendant." Such definitions purport to require

SEIDS to collect or produce information not reasonably identifiable as being in its possession, custody, or control. SEIDS further objects to these definitions because they purport to require SEIDS to produce information protected by the attorney-client privilege, work-product protection, or any other applicable privilege, protection, or immunity.

2.    SEIDS objects to the definition of the term "document" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it purports to impose a greater burden than required by Federal Rule of Civil Procedure 34(a)(1). SEIDS will construe this definition to apply Federal Rule of Civil Procedure 34(a)(1).

**Responses and Objections to**
**Plaintiff's Fourth Request to Produce**

1.  **Produce a copy of any document, electronic or otherwise, or computer screen shot that reflects whether each customer that COLON delivered furniture to, as shown on his settlement sheets, accepted, refused, partially accepted or partially refused a delivery, exchange or return made by COLON to that customer.**

**RESPONSE:** SEIDS incorporates General Objections Nos. 1, 2, and 3; and Objection to Definitions No. 2.

SEIDS objects to this request as overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses.

Plaintiff was an independent-contractor driver for SEIDS from January 2013 to November 2016. During that time, he made roughly 70 deliveries per week, for a total of approximately 13,000 deliveries.[1] Plaintiff's request for documents related to every one of these

---

[1] This is a conservative estimate. Plaintiff attached excerpts from four weekly settlement sheets to his motion for class certification. *See* Exhibits I-L. The unabridged versions of those same settlement sheets show that in those weeks he made 93, 71, 76, and 89 deliveries. *See* Colon v. SEIDS0025-27 (unabridged version of Exhibit I produced by Plaintiff); Colon v. SEIDS0402-04 (Exhibit J); Colon v. SEIDS0543-45 (Exhibit K); Colon v. SEIDS003682-84

3

13,000 deliveries is overbroad because Plaintiff brings claims about only a small subset of deliveries: those that he believes were misclassified as refusals. *See* Plaintiff's Motion for Class Certification at 13 (class definition: independent-contractor drivers "who were paid $9.00 for a 'refusal' rather than their base compensation percentage for a completed delivery, return or exchange").

Deliveries that were not classified as refusals have no possible relevance to Plaintiff's claims. Plaintiff has no complaint about deliveries that were classified as exchanges or completed deliveries; he does not allege that he was underpaid for those. For this reason, his request for "any document" about every one of his 13,000 deliveries—including those that are not classified as refusals and as to which he asserts no claim—is both overly broad and seeks information that is not relevant.

This request for documents about every one of Plaintiff's 13,000 deliveries is also overly burdensome and disproportionate to the needs of the case. As explained above, these documents are not relevant. And locating, reviewing, and producing them would be extraordinarily burdensome.  For each of Plaintiff's 13,000 deliveries, numerous documents may "reflect[] whether each customer . . . accepted, refused, partially accepted or partially refused a delivery, exchange or return." For example, delivery histories, customer service notes, electronic device records, paper manifests, and sales orders may contain information bearing on whether a particular delivery was refused or accepted. Producing all these documents for each of Plaintiff's 13,000 deliveries would require countless hours of employee and attorney time. SEIDS' employees and attorneys would have to manually search through several databases and sources of information, looking order-by-order or, at best, day-by-day, for documents pertaining to

_____

(Exhibit L). Multiplying 70 deliveries by the approximately 195 weeks Plaintiff spent as an independent contractor for SEIDS—again being conservative—equals over 13,000 deliveries.

Plaintiff's deliveries. This is wildly disproportionate to the needs of this case, considering Plaintiff himself has estimated that his ***total damages for this claim are $9,093***.[2] Locating, reviewing, and producing these documents for every one of Plaintiff's 13,000 deliveries (or even the lesser subset of only his "Refusal" deliveries) would cost well in excess of the ***total damages Plaintiff says he is entitled to***.

Further, producing these documents—whether for every one of Plaintiff's 13,000 deliveries or only those classified as refusals—would do nothing to advance Plaintiff's efforts to obtain certification of a class. Documents that may show whether a particular delivery of Plaintiff's was refused or accepted say nothing about whether any other putative class member's deliveries were refused or accepted. Indeed, these documents affirmatively undermine Plaintiff's efforts to certify a class, because they highlight the individualized nature of the claims in this case: to determine whether any particular delivery was misclassified, a fact finder would have to weed through several documents and sources of witness testimony for each and every delivery, making a case-by-case determination whether each delivery was refused or accepted. Across an entire class, this would require a review of hundreds of thousands or even millions of documents.

Subject to the foregoing objections, SEIDS will conduct a reasonably diligent search in centralized locations and produce examples of documents containing information that may bear on whether the eight "Refusal" deliveries in the settlement sheets Plaintiff attached to his motion for class certification as Exhibits I-L, and for which he was paid $9, were refused or accepted.

2. **Produce a copy of all Blue Vista data that references COLON, his deliveries, exchanges, refusals, specials or returns.**

**RESPONSE:** SEIDS incorporates General Objections Nos. 1, 2, and 3.

---

[2] *See* Plaintiff's Motion for Class Certification at 10 ("COLON reviewed his settlement sheets and believes that SEIDS reduced his pay by marking completed exchanges as refusals approximately 433 times ***for an estimated damage of $9,093.00***." (emphasis added)); Plaintiff's Answers to Defendant's First Set of Interrogatories, Response No. 6 (identifying 433 instances in which he was allegedly paid $9 instead of $30. 433 * [$30-$9] = $9,093).

SEIDS objects to this request as overly broad, unduly burdensome, disproportionate to the needs of this case, and seeking information that is not relevant to any party's claims or defenses.

To retrieve Blue Vista data that "references" Plaintiff or his deliveries would require creating a list of each order number delivered by Plaintiff, then searching Blue Vista for each of those order numbers, and finally printing or otherwise exporting any data that appears concerning those orders. For the same reasons described above in response to Request No. 1, performing this task would be overly broad, unduly burdensome, and disproportionate to the needs of this case.

Subject to the foregoing objections, SEIDS will conduct a reasonably diligent search in centralized locations and produce examples of Blue Vista data concerning the eight "Refusal" deliveries in the settlement sheets Plaintiff attached to his motion for class certification as Exhibits I-L, and for which he was paid $9.

3. **Produce a copy of any rules, policies, procedures and/or guidelines that Rooms To Go customer service relies on when making the decision on how to categorize deliveries of furniture to customers that are ultimately reflected on driver settlement sheets. For example, categorizing transactions as returns, refusals, exchanges or completed deliveries.**

**RESPONSE:** SEIDS incorporates General Objections Nos. 1, 2, and 3.

SEIDS objects to this request because it is not temporally limited. SEIDS will limit its responses to the five-year period preceding the filing of the initial Class Action Complaint (the "Relevant Period"). Requesting information beyond this time period is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses.

SEIDS objects to this request as vague and ambiguous.

6

Subject to these objections, SEIDS will perform a reasonably diligent search in centralized locations for rules, policies, procedures, and/or guidelines that Rooms To Go customer service relied on during the Relevant Period to categorize delivery transactions that were ultimately reflected on driver settlement sheets.

Dated: April 25, 2018                          Respectfully submitted,

                                               By: _____s/ Jamie Zysk Isani_____
                                               Jamie Zysk Isani, Trial Counsel (Fla. Bar 728861)
                                               Corey Lee (Fla. Bar 44448)
                                               HUNTON ANDREWS KURTH LLP
                                               1111 Brickell Avenue, Suite 2500
                                               Miami, FL 33131
                                               Telephone: (305) 810-2500
                                               Facsimile: (305) 810-2460
                                               jisani@hunton.com, leec@hunton.com

                                               Frank M. Lowrey, IV (pro hac vice)
                                               Chad K. Lennon (pro hac vice)
                                               BONDURANT MIXSON & ELMORE LLP
                                               1201 West Peachtree Street NW, Suite 3900
                                               Atlanta, GA 30309
                                               Telephone: (404) 881-4100
                                               Facsimile: (404) 881-4111
                                               lowrey@bmelaw.com
                                               lennon@bmelaw.com

                                               *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on April 25, 2018, the foregoing document was served via e-mail on:

William G. Osborne (Fla. Bar. No. 273783)
WILLIAM G. OSBORNE, P.A.
1305 E. Robinson St.
Orlando, FL 32801
Telephone: (407) 894-1534
Facsimile: (407) 894-1535
bill@osborneattorneys.com
Service@osborneattorneys.com

Christopher R. Turner (Fla. Bar No. 47150)
CHRISTOPHER R. TURNER, PLLC
1305 E. Robinson St.
Orlando, FL 32801
Telephone: (407) 796- 2278
chris@crtlegal.com
eservice@crtlegal.com

*Counsel for Plaintiff*

s/ Jamie Zysk Isani
    Jamie Zysk Isani

8

From: **Christopher Turner** chris@crtlegal.com 
Subject: Re: Colon/SEIDS - depositions
Date: June 12, 2018 at 9:14 AM
To: Isani, Jamie Zysk jisani@hunton.com
Cc: lowrey@bmelaw.com, **Chad K. Lennon (Lennon@bmelaw.com)** Lennon@bmelaw.com, **Lee, Corey** leec@hunton.com,
**Elizabeth Dunnigan (elizabeth@crtlegal.com)** elizabeth@crtlegal.com, **Bill Osborne** bill@osborneattorneys.com

Jamie,

The people listed below that we want to depose have knowledge of how SEIDS's billing and invoicing systems work. Their names appear on the documents produced by SEIDS in response to our 4th Request to Produce.

The depositions are relevant to the billing process (how the drivers are paid) starting from customer delivery through to production of the driver settlement sheets.

I do not think the depositions would last longer than 45 minutes to an hour each. Probably less.

Please provide us with availability of these people for deposition. Elizabeth from my office can coordinate the scheduling for Bill and I.

If some of them no longer work for SEIDS we can start with just the people who are still employed there.


Sincerely,

Christopher R. Turner, Esq.



CRT LEGAL
— Law Office of —
Christopher R. Turner

1305 E. Robinson St.
Orlando, Fl 32801

P: (407) 796-2278
F: (407) 630-8737
www.crtlegal.com



EXHIBIT

On Jun 11, 2018, at 6:41 PM, Isani, Jamie Zysk <jisani@hunton.com> wrote:

Chris,
SEIDS does not agree to your request to depose five current or former SEIDS employees before July 12. We do not believe the parties should invest further resources into this case – at least a day of depositions, plus travel and preparation time – while plaintiff's motion for class certification is pending.

SEIDS has already been forced to incur an inordinate burden and expense in defending this meritless case, particularly given that SEIDS' offer of judgment exceeds the amount Colon could possibly recover under his own theory of the case. At present, SEIDS intends to seek these fees under the proposal for settlement, the contractual fee-shifting provision, and any other available avenue.

This case is not suitable for class treatment, for the reasons set forth in SEIDS' opposition to plaintiffs' class motion, and nothing that you could learn from any of these witnesses could possibly change that. And, in any event, the motion for class certification is already fully briefed.

It also is unclear how you believe these depositions could have any effect on mediation. Could you tell me what you are trying to establish?

Regards,
Jamie

**From:** Elizabeth Dunnigan [mailto:elizabeth@crtlegal.com]
**Sent:** Wednesday, June 06, 2018 10:49 AM
**To:** Isani, Jamie Zysk; Lee, Corey; Frank M. Lowrey; Chad K. Lennon
**Subject:** Colon/SEIDS - depositions

Good Morning -

We would like to depose the following people before the mediation on 7/12/18.
These will be very short depos and Chris says we can get them all done in one day...we can use the Lakeland location, as with the other ones.
If any of these folks are no longer with SEIDS, please let me know.   Thanks.


Shannon Jones - I'm not sure if the name is "Shannon" - there is a "Shann" Jones on produced documents
Jill Hendrickson
Cheryl Arbour
Tekeyshia Durant
Tammy Logue

**Elizabeth I. Dunnigan**
**Assistant to Mr. Turner**
Law Office of Christopher R. Turner, PLLC
1305 E. Robinson St.
Orlando, Fl 32801

P: (407) 796-2278
F: (407) 630-8737

This message contains confidential information and is intended only for the individual or entity named. If you are not the named addressee in this e-mail, you are hereby notified that any review, dissemination, distribution, copying, forwarding of this e-mail is prohibited. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If verification is required please request a hard-copy version.
Warning: Although the company has taken reasonable precautions to ensure no viruses are present in this email, the company cannot accept responsibility for any loss or damage arising from the use of this email or attachments.

damage arising from the use of this email or attachments.